# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Darryl Hudson,** | Case No. 1:21cv502 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **City of Cleveland Heights, Ohio,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

*Pro se* Plaintiff Darryl Hudson ("Hudson") has filed a civil rights complaint in this matter against the City of Cleveland Heights, Ohio ("Cleveland Heights") (Doc. Nos. 1 and 3). Hudson alleges Cleveland Heights violated his due process rights, and he seeks monetary relief.

## I. Background

Hudson filed a civil rights complaint against Cleveland Heights for "destroying a house/dwelling." (Doc. No. 3 at 1.) In his complaint, Hudson alleged that Alan Butler ("Butler"), "employee [of] City of Cleveland Heights" entered Hudson's property located in Cleveland Heights without Hudson's consent and performed an unauthorized interior inspection. (Doc. No. 3 at 2.) It appears that Hudson contends Butler presented a false inspection report to the city's Nuisance Abatement Board of Review ("the Board"), which noted excessive water damage and a flooded basement, and he prevented Hudson from turning the water back on, per the Board's instructions. The property was ultimately placed on the "public nuisance list." (*Id.* at 2-3.) Hudson further alleges that Butler did not follow the rules "set in place by the Nuisance Board," the Board did not follow the law or city ordinance, and Cleveland Heights did not "prove its burden of proof at the appeal's hearing." *Id.* According to the complaint, "[t]hat is definitely a deprivation of my

property and a constitutional violation" when the property was placed "back on the public nuisance list without a response from the homeowner." *Id.* at 3.

## II. Standard of Review

By separate order, the Court has granted this *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2). Accordingly, because Hudson is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*,

404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing Sistrunk, 99 F.3d at 197). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Hudson brings this claim pursuant to 42 U.S.C. § 1983, purportedly alleging that Cleveland Heights, through the actions of its employee, Alan Butler, deprived him of due process of the laws when his residential property was "destroyed." To state a claim under § 1983, Hudson must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988).

Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

To establish this claim, a plaintiff must prove that (1) a constitutional violation occurred; and (2) Cleveland Heights is responsible for that violation. *See Doe v. Claiborne County*, 103 F.3d 495, 505-06 (6th Cir. 1996)). Concerning the second element, "[a] plaintiff ... must identify the policy, connect the policy to [Cleveland Heights] itself, and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994)).

Here, the complaint contains no suggestion of a specific custom or policy of Cleveland Heights that may have led to a violation of Hudson's constitutional rights. Hudson therefore fails to state a claim upon which relief may be granted against Cleveland Heights.

Even if Hudson properly alleged that a constitutional violation had somehow resulted from a custom or policy of Cleveland Heights, Hudson still fails to state a claim for a violation of his due process rights based on the facts as alleged in his complaint.

It appears that Hudson alleges that Cleveland Heights "destroyed" his residential property, thus depriving him of his property, without procedural due process. The Fifth Amendment provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fourteenth Amendment makes the Due Process Clause applicable to the states. U.S. Const. amend. XIV. And the Due Process Clause sets the procedural minimum for deprivations of life, liberty, or property, and bars "certain government actions regardless of the

fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). It does not prohibit every deprivation by the government of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). And only those deprivations that are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

To prevail on a procedural due process claim, a plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) that the defendant deprived him of a protected liberty or property interest pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 588 (6th Cir. 2004); *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). The plaintiff bears the burden of demonstrating that state remedies for redressing the alleged wrong are inadequate. *Vicory*, 721 F.2d at 1066 ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.").

Here, Hudson does not indicate that he is challenging a specific established state procedure. Rather, it appears that Hudson is asserting that his property was destroyed due to unauthorized acts of the defendant's employee, Alan Butler. But there is no indication from the complaint that Hudson has sought relief from the Ohio courts regarding his property, and Hudson has not alleged that the available state remedies are inadequate to redress the deprivation of his property. Hudson therefore fails to state a cognizable constitutional due process claim.

## IV. Conclusion

Accordingly, Hudson's due process claim against Cleveland Heights is dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  6/30/2021

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE